UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: SOCIAL MEDIA ADOLESCENT ADDICTION/PERSONAL INJURY PRODUCTS LIABILITY LITIGATION <br><br> _____ <br><br> This Document Relates to: <br><br> **R. W.** <br><br> Member Case No.: <br><br> **4:24-CV-3111** <br> _____ | Case No: 4:22-MD-03047-YGR <br><br> MDL No. 3047 <br><br><br><br><br> **MASTER SHORT-FORM COMPLAINT AND DEMAND FOR JURY TRIAL** |

The Plaintiff named below files this *Short-Form Complaint and Demand for Jury Trial* against the Defendants named below by and through the undersigned counsel. Plaintiff incorporates by reference the allegations, claims, and relief sought in *Plaintiffs' Master Complaint (Personal Injury) ("Master Complaint")* as it relates to the named Defendants (checked-off below) filed *In Re: Social Media Adolescent Addiction/Personal Injury Products Liability Litigation*, MDL No. 3047 in the United States District Court for the Northern District of California. Plaintiff files this Short-Form complaint as permitted by Case Management Order No. 7.

As necessary herein, Plaintiff may include: (a) additional Causes of Action and supporting allegations against Defendants, as set forth in paragraph 11 in additional sheets attached hereto; and/or (b) additional claims and allegations against other Defendants not listed in the Master Complaint, as set forth in paragraph 7 (see n. 18) and may attach additional sheets hereto.

Plaintiff indicates by checking boxes below the Parties and Causes of Action specific to Plaintiff's case.

Plaintiff, by and through her undersigned counsel, alleges as follows:

## I. DESIGNATED FORUM

1. *For Direct Filed Cases*: Identify the Federal District Court in which the Plaintiff originally filed and the date of filing:
   <u>Plaintiff files directly in this Court per Case Management Order No. 4. Plaintiff would otherwise file her claims in the Eastern District of Texas.</u>

2. *For Transferred Cases*: Identify the Federal District Court in which the Plaintiff(s) originally filed and the date of filing:
   <u>None.</u>

## II. IDENTIFICATION OF PARTIES

### A. PLAINTIFF

3. *Plaintiff*: Name of the individual injured due to use of Defendant(s)' social media products: **R. W.**

4. Age at time of filing: **19 YEARS OLD**

5. City(ies) and state(s) where Plaintiff primarily used Defendants' platforms: **CROSSROADS, TEXAS (DENTON COUNTY)**

6. Last Name and State of Residence of *Guardian Ad Litem*, if applicable: **NONE**

7. Name of the individual(s) that allege damages for loss of society or consortium *(Consortium Plaintiff(s))* and their relationship to Plaintiff, if applicable: **NONE**

8. *Survival and/or Wrongful Death Claims, if applicable*:

   (a) Name of decedent and state of residence at time of death;

   **N/A**

   (b) Date of decedent's death:

   **N/A**

   (c) Name and capacity (*i.e.*, executor, administrator, etc.) of Plaintiff(s) bringing claim for decedent's wrongful death:

   **N/A**

9. At the time of the filing of this Short-Form Complaint, Plaintiff is a residents and citizens of:

TEXAS

B. **DEFENDANT**

10. Plaintiff names the following Defendant in this action:

| **META ENTITIES** | **TIKTOK ENTITIES** |
|---|---|
| ☐ META PLATFORMS, INC., *formerly known as Facebook, Inc.* | ☐ BYTEDANCE, LTD |
|  | ☐ BYTEDANCE, INC. |
| ☐ INSTAGRAM, LLC | ☐ TIKTOK, LTD. |
| ☐ FACEBOOK PAYMENTS, INC. | ☐ TIKTOK, LLC. |
| ☐ SICULUS, INC. | ☐ TIKTOCK, INC. |
| ☐ FACEBOOK OPERATIONS, LLC |  |

| **SNAP ENTITY** | **GOOGLE ENTITIES** |
|---|---|
| ☑ SNAP INC. | ☐ GOOGLE LLC |
|  | ☐ YOUTUBE, LLC |

**OTHER DEFENDANTS**

For each "Other Defendant" Plaintiff contends there are additional parties and are liable or responsible for Plaintiff damages alleged herein, Plaintiffs must identify by name each Defendant and its citizenship, and Plaintiff must plead the specific facts supporting any claim against each "Other Defendant" in a manner complying with the requirements of the Federal Rules of Civil Procedure. In doing so, Plaintiff may attach additional pages to this Short-Form Complaint.

|  | NAME | CITIZENSHIP |
|---|---|---|
| 1 | SHUN YAN HAK a/k/a SHUNYAN HAK* | U.S.A. |

( * See attached Exhibit A. )

### C. **PRODUCT USE**

11. Plaintiff used the following Social Media Products that substantially contributed to their injury/ies (check all that apply, and identify approximate dates of use, to the best of Plaintiff's recollection):

    ☐ FACEBOOK

        Approximate dates of use: _____ to _____

    ☐ INSTAGRAM

        Approximate dates of use: _____ to _____

    ☒ SNAPCHAT

        Approximate dates of use: __**2018**__ to __**12/25/2019**__

    ☐ TIKTOK

        Approximate dates of use: _____ to _____

    ☐ YOUTUBE

        Approximate dates of use: _____ to _____

    ☐ OTHER:

    | Social Media Product(s) Used | Approximate Dates of Use |
    |---|---|
    | | |
    | | |
    | | |
    | | |

D. **PERSONAL INJURY**[1]

12. Plaintiff experienced the following personal injuries alleged to have been caused by Defendant's Social Media Products:

   ☐ **ADDICTION/COMPULSIVE USE**

   ☐ **EATING DISORDERS**

   ☐ Anorexia
   ☐ Bulimia
   ☐ Binge Eating
   ☐ Other: _____

   ☒ **DEPRESSION**

   ☒ **ANXIETY**

   ☐ **SELF-HARM**

   ☐ Suicidality
   ☐ Attempted Suicide
   ☐ Death by Suicide
   ☐ Other Self-Harm _____

   ☒ **CHILD SEX ABUSE**

   ☐ **CSAM VIOLATIONS**

   ☐ **OTHER PHYSICAL INJURIES (SPECIFY):**
   _____
   _____
   _____
   _____

---

[1] Plaintiff(s) must check-off all injuries allegedly caused by Plaintiff's use of Defendant(s)' Social Media Products. Plaintiff is not required to plead here emotional or psychological injuries inherent in injuries otherwise identified, or all manifestations of the injury alleged which will be inquired into as part of the Plaintiff's Fact Sheet ("PFS"). This *Short-Form Complaint* assumes that emotional and psychological injuries are asserted by Plaintiff in connection with any injury otherwise identified.

_____
_____

## V. CAUSES OF ACTION ASSERTED

13. The following Causes of Action asserted in the *Master Complaint*, ad the allegations with regard thereto, are adopted in this *Short Form Complaint* by reference (*check all that are adopted*):

| Asserted Against[2] | Count Number | Cause of Action (CoA) |
|---|---|---|
| ☐ Meta entities<br>☑ Snap entity<br>☐ TikTok entities<br>☐ Google entities<br>☐ Other Defendant(s) ##[3] | 1 | STRICT LIABILITY – DESIGN DEFECT |
| ☐ Meta entities<br>☑ Snap entity<br>☐ TikTok entities<br>☐ Google entities<br>☐ Other Defendant(s) ## | 2 | STRICT LIABILITY – FAILURE TO WARN |
| ☐ Meta entities<br>☑ Snap entity<br>☐ TikTok entities<br>☐ Google entities<br>☐ Other Defendant(s) ##☐ | 3 | NEGLIGENCE – DESIGN |

---

[2] For purposes of this paragraph, "entity" means those defendants identified in Paragraph 7 (*e.g.*, "TikTok entities" means all TikTok defendants against which Plaintiff(s) is asserting claims).

[3] Reference selected Other Defendants by the corresponding row number in the "Other Defendant(s)" chart above, in Question 7.

| **Asserted Against**[2] | **Count Number** | **Cause of Action (CoA)** |
|---|---|---|
| ☐ Meta entities<br>☒ Snap entity<br>☐ TikTok entities<br>☐ Google entities<br>☐ Other Defendant(s) ## | 4 | NEGLIGENCE – FAILURE TO WARN |
| ☐ Meta entities<br>☒ Snap entity<br>☐ TikTok entities<br>☐ Google entities<br>☐ Other Defendant(s) ## | 5 | NEGLIGENCE |
| ☐ Meta entities<br>☒ Snap entity<br>☐ TikTok entities<br>☐ Google entities<br>☐ Other Defendant(s) ## | 6 | NEGLIGENT UNDERTAKING |
| ☐ Meta entities<br>☒ Snap entity<br>☐ TikTok entities<br>☐ Google entities<br>☐ Other Defendant(s) ## | 7 | VIOLATION OF UNFAIR TRADE PRACTICES/CONSUMER PROTECTION LAWS<br><br>*Identify Applicable State Statute(s):*<br>TEX. BUS. & COM. CODE §17.46 |
| ☐ Meta entities<br>☐ Snap entity<br>☐ TikTok entities<br>☐ Google entities<br>☐ Other Defendant(s) ## | 8 | FRAUDULENT CONCEALMENT AND MISREPRESENTATION (Against Meta only) |
| ☐ Meta entities<br>☐ Snap entity<br>☐ TikTok entities<br>☐ Google entities<br>☐ Other Defendant(s) ## | 9 | NEGLIGENT CONCEALMENT AND MISREPRESENTATION (Against Meta only) |

| Asserted Against[2] | Count Number | Cause of Action (CoA) |
|---|---|---|
| ☐ Meta entities<br>☑ Snap entity<br>☐ TikTok entities<br>☐ Google entities<br>☐ Other Defendant(s) ## | 10 | NEGLIGENCE *PER SE* |
| ☐ Meta entities<br>☑ Snap entity<br>☐ TikTok entities<br>☐ Google entities<br>☐ Other Defendant(s) ## | 11 | VIOLATIONS OF 18 U.S.C. §§ 1595 and 1591 (Civil Remedy for Sex trafficking of children or by force, fraud, or coercion) |
| ☐ Meta entities<br>☑ Snap entity<br>☐ TikTok entities<br>☐ Google entities<br>☐ Other Defendant(s) ## | 12 | VIOLATIONS OF 18 U.S.C. §§ 2255 and 2252 (Civil remedy Certain activities relating to material involving the sexual exploitation of minors) |
| ☐ Meta entities<br>☑ Snap entity<br>☐ TikTok entities<br>☐ Google entities<br>☐ Other Defendant(s) ## | 13 | VIOLATIONS OF 18 U.S.C. §§ 2252A(f) 1466A (Civil Remedy for Certain activities relating to material constituting or containing child pornography) |
| ☐ Meta entities<br>☑ Snap entity<br>☐ TikTok entities<br>☐ Google entities<br>☐ Other Defendant(s) ## | 14 | VIOLATIONS OF 18 U.S.C. §§ 2255 and 2252A(5)(b) (Civil remedy for Certain activities relating to material constituting or containing child pornography) |
| ☐ Meta entities<br>☑ Snap entity<br>☐ TikTok entities<br>☐ Google entities<br>☐ Other Defendant(s) ## | 15 | VIOLATIONS OF 18 U.S.C. §§ 2258B and 2258A (Liability related to Reporting requirements of providers online child sexual exploitation) |

| **Asserted Against**[2] | **Count Number** | **Cause of Action (CoA)** |
|---|---|---|
| ☐ Meta entities<br>☐ Snap entity<br>☐ TikTok entities<br>☐ Google entities<br>☐ Other Defendant(s) ## | 16 | WRONGFUL DEATH |
| ☐ Meta entities<br>☐ Snap entity<br>☐ TikTok entities<br>☐ Google entities<br>☐ Other Defendant(s) ## | 17 | SURVIVAL ACTION |
| ☐ Meta entities<br>☐ Snap entity<br>☐ TikTok entities<br>☐ Google entities<br>☐ Other Defendant(s) ## | 18 | LOSS OF CONSORTIUM AND SOCIETY |

## VI. ADDITIONAL CAUSES OF ACTION

None.

**WHEREFORE,** Plaintiff prays for relief and judgment against Defendants and all such further relief that this Court deems equitable and just as set forth in the Master Complaint, and any additional relief to which Plaintiff may be entitled.

## JURY DEMAND

Plaintiff hereby demands a trial by jury as to all claims in this action.

****

By signature below, Plaintiff's counsel hereby confirms their submission to the authority and jurisdiction of the United States District Court for the Northern District of California for oversight of counsel's duties under Federal Rule of Civil Procedure 11, including enforcement as necessary through sanctions and/or revocation of *pro hac vice* status.

Respectfully submitted,

TURLEY LAW FIRM

*/s/ Lacey Turley Most*
Lacey Turley Most, *Pro hac vice*
Texas State Bar No. 24093225
6440 North Central Expressway
1000 Turley Law Center
Dallas, Texas 75206
Telephone No. 214/691-4025
Telecopier No. 214/361-5802
laceym@wturley.com,
davette@wturley.com

ATTORNEY FOR PLAINTIFF R. W.

**EXHIBIT A – CAUSES OF ACTION AGAINST OTHER DEFENDANT SHUN YAN HAK a/k/a HENRY HAK**

### I.   FACTS

1. On or about late evening December 23, 2019, and on or about early morning Christmas Eve December 24, 2019, 15-year-old R.W. was groomed, seduced, kissed, groped, fondled and coerced into providing oral sex to Defendant Shun Yan Hak a/k/a Henry Hak, who was 22 years old.

2. When this incident occurred, Defendant Hak was travelling through Denton County, Texas with his PGA Pro golf player brother to give golf lessons in North Texas.

3. During the months before his December 2019 trip to Texas, Defendant Hak befriended 15-year-old R.W. through the internet and began grooming her for his sexual desires and abuse. Defendant Hak convinced 15-year-old R.W. that she was his girlfriend during this process.

4. Defendant Hak continuously contacted their daughter R.W. to coerce and sexually assault her. Defendant Hak left Florida to travel to Texas as his brother's assistant for golf lessons in McKinney, Texas, he arranged to meet up with 15-year-old R.W.

5. When Defendant Hak arrived at R.W.'s residence either late at night on December 23, 2019 or in the early morning hours of Christmas Eve, December 24,

2019, he parked his vehicle down the street and snuck into her room where he continued his grooming. Defendant Hak kissed, fondled and groped R.W. Defendant Hak ultimately forced her to perform oral sex on him until he ejaculated in her mouth.

6.      After he finished ejaculating, Defendant Hak made plans to see R.W. again the next night, and left R.W.'s room, secretly sneaking from Plaintiff's parents' residential property.

7.      Defendant Hak then noticed a police vehicle was near his vehicle and went to the officers to ensure his vehicle was not towed. Defendant Hak answered the police officer's questions and said that he was at the location seeing a girl but parked down the street because her parents did not want him to see her. The police officer had Defendant Hak show them which residence R.W. was at and left him in the back of their police car as they checked on the safety of the R.W..

8.      R.W.'s parents were awakened at approximately 2:00 a.m. on December 24, 2019, by the police officer wanting to check on their daughter. It was then that R.W.'s parents discovered that Defendant Hak had made contact with R.W. R.W.'s parents informed the police officer that R.W. was only 15 years old.

9.      After Police officers questioned R.W. and Defendant Hak, Defendant Hak admitted that he knew that R.W. was 15 years old, and that he had her perform oral sex on him, fondled her, groped her and kissed her.

10. The negligent acts and omissions of Defendant Hak, as set out herein, , were a direct and proximate cause of the incidents in question and the resulting injuries and damages sustained by R.W..

## II. **CAUSE OF ACTION AGAINST DEFENDANT HAK**

A. **Assault**

1. Defendant Hak made direct physical contact with R.W.'s person. This contact was offensive and caused injury and subsequent damages to R.W.

2. Defendant Hak groomed R.W. when she was only 15 years old, sexually harassed her using Snap Chat and made plans to cross state lines to get to R.W., and then ultimately forced her to perform oral sex on Defendant Hak, an adult.

3. Defendant Hak knew or reasonably should have known that R.W. would regard the contact as offensive and provocative.

4. Defendant Hak knew R.W. was 15 years old before he crossed state lines to sexually abuse Plaintiff.

5. Defendant Hak's offensive physical contact caused injury and subsequent damages to R.W.

6. Plaintiff R.W., while a minor, was a victim of a violation of 18 U.S.C §2241(c), aggravated sexual abuse of a child by perpetrator crossing state lines to engage in sexual abuse of child.

7. Defendant Hak committed aggravated sexual abuse of a child, and crossed state lines to engage in the sexual abuse of a child, Plaintiff R.W.

7. Plaintiff R.W. suffered personal injury as a result of these violations.